**Judith Ann ADAMS (Now Frank) and Robert G. Hunt, Movants,**

v.

**Richard Wayne ADAMS, Respondent.**

Supreme Court of Kentucky.

May 31, 1984.

Robert G. Hunt, Henderson, for movants.

Richard L. Frymire, Moore, Morrow & Frymire, Madisonville, for respondent.

## OPINION AND ORDER

The motion of Judith Ann Adams (now Frank) and Robert G. Hunt for a review of the decision of the Court of Appeals is denied for the reason that there was a failure to comply with CR 76.20(3)(d), in that a 43-page motion for discretionary review was filed in this proceeding.

This court again brings to the attention of the appellate practitioner the mandatory requirements of CR 76.20(3)(d), which succinctly mandate "a clear and concise statement of (i) the material facts, (ii) the questions of law involved, and (iii) the specific reason or reasons why the judgment should be reviewed...."

Many of the motions for discretionary review filed during 1983 appear to have deliberately ignored the rule of conciseness, many being little more than a minimal revision of briefs filed before the Court of Appeals. Lengthy motions for discretionary review consume an inordinate amount of this court's time to the detriment of other appellate counsel.

928

An examination of many of the motions for discretionary review discloses an almost deliberate disregard of the mandate of CR 76.20(3)(d). Apparently, the definition of the word "concise" is no longer considered to be "expressing much in a few words."

In 1983, this court considered in excess of 668 motions for discretionary review with much of its time being preempted by a small minority of appellate counsel who had failed to comply with the simple requirements of CR 76.20(3)(d).

In April of 1982, this court emphasized this problem when it caused to be published in *Kentucky Bench and Bar* the following:

In 1982, there were 752 Motions for Discretionary Review filed in the Supreme Court of Kentucky. A very high percentage of these consisted of the Brief of the Movant in the Court of Appeals, with a new cover and title page. Thereafter, fearing omission of a pertinent point, the respondent would file his brief from the Court of Appeals, appropriately altered.

This procedure simply does not comply with CR 76.20(3)(d), which requires "A clear and concise statement of (i) the material facts, (ii), the questions of law involved, and (iii) the specific reason or reasons why the judgment should be reviewed." Although CR 76.20(5), relating to the response, does not explicitly require conciseness, we feel that it is implicit in the rule.

As in all rules, failure to comply is a ground for denial or dismissal. Because of the ever-increasing case load, the Supreme Court of Kentucky simply cannot afford the luxury of examining fifty pages of briefs, plus appendices, on these motions....

While counsel, in many cases, may complain of the harshness of dismissal of a motion for discretionary review for failure to comply with the mandate of CR 76.-20(3)(d), the beneficial effect of such action will be of far-reaching benefit to members of the entire appellate bar.

All concur.

ENTERED May 31, 1984.

/s/ Robert F. Stephens
Chief Justice